UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
FRANKFORT DIVISION

IN RE:

NEIL AND SHARON MCGEE                                    CASE NO. 13-30601-GRS[1]
DEBTORS


MEMORANDUM OPINION

This matter is before the Court on (1) an Order for John Brady and David Porter to Show

Cause and Setting Status Hearing [Doc. 82] ("Show Cause Order") and (2) the United States

Trustee's Motion for an Order Directing David Porter and John Brady to Refund Fees and

Charges, and for Imposition of a Civil Penalty [Doc. 83] ("Sanctions Motion").  Identical Show

Cause Orders and/or Sanctions Motions are filed in each of the procedurally consolidated cases.

---

[1] The following cases are procedurally consolidated for purpose of adjudication of the Court's Show Cause Order and the United States Trustee's Sanctions Motion: *In re Jackie and Patricia Mullins*, Case No. 13-52079-TNW; *In re Lynwood Burgess*, Case No. 13-52845-TNW; *In re Jerry Virgil Williams*, Case No. 14-50147-GRS; *In re Walter and Ana Scott*, Case No. 14-50307-TNW; *In re Michael and Lyndsey Rowe*, Case No. 14-50669-GRS; *In re Scott and Allison Williams*, Case No. 14-50732-JL; *In re Robert and Bonnie Hardman*, Case No. 14-50734-GRS; *In re Michael and Lyndsey Rowe*, Case No. 14-51022-GRS; *In re Gina Dulsky*, Case No. 14-51040-GRS; *In re Rebecca Giese*, Case No. 14-51041-GRS; *In re Adam Tyler Carpenter*, Case No. 14-51042; *In re Allen Crawford*, Case No. 14-51109-GRS; *In re Phillip and Anna Thompson*, Case No. 14-51110-GRS; *In re David J. Jordan*, Case No. 14-51111-GRS; *In re Jessica Marie Williams*, Case No. 14-51148-GRS; *In re Tamara Hartsfield*, Case No. 14-51150-GRS; *In re David Mack*, Case No. 14-51151-GRS; In *re Mary Lynne Boxley*, Case No. 14-51223-GRS; *In re Jeremy Lizer*, Case No. 14-51224-TNW; *In re Juan Antonio Barona Navia and Andrea Leon*, Case No. 14-51225-GRS; *In re Charles Simpson*, Case No. 14-51319-GRS; *In re Amy Bedard*, Case No. 14-51489-GRS; *In re Michael Crump*, Case No. 14-51490-GRS; *In re Jason Lotter*, Case No. 14-51491-TNW; *In re Alvaro Moran*, Case No. 14-51492-GRS; *In re Rodney and Willa Helm*, Case No. 14-51590-GRS; *In re Lori Hardin*, Case No. 14-51591-GRS; *In re Deborah Hunt*, Case No. 14-51592-GRS; *In re Michael and Rachel Wallin*, Case No. 14-51634-TNW; In *re Cameron Reed*, Case No. 14-51640; *In re David White and Stacey Tussey*, Case No. 14-51641-JL; *In re Wayne Wilson*, Case No. 14-51673-GRS; *In re Harvey and April Pennington*, Case No. 14-51674-GRS; *In re Ronnie and Jaclyn Cameron*, Case No. 14-51676-GRS; *In re Malina Jones*, Case No. 14-51677-TNW; *In re Daniel McKinney*, Case No. 14-51678-GRS; *In re James Frank Harvey*, Case No. 14-51679-GRS; *In re Patricia Ann Galloway*, Case No. 14-51680-JL; and *In re Robert Walters*, Case No. 14-51844-TNW.

The Court held a hearing on these matters on October 28, 2014.  After consideration of

the evidence and arguments of the parties, the Court makes the following findings of fact and

conclusions of law to supplement the proposed Agreed Orders [Docs. 107-1 and 114-1] that the

Court will enter concurrently with this Memorandum Opinion.

## I.      JURISDICTION.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding under

§ 157 (b).  The Court has authority to act pursuant to:  (i) 11 U.S.C. § 105(a), *see Jones v. Bank*

*of Santa Fe (In re Courtesy Inns, Ltd.),* 40 F. 3d 1084, 1089 (10th Cir. 1994); (ii) FED. R. BANKR.

P. 9011, *see Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986); and (iii) its

inherent authority to manage the affairs of the Court and supervise attorneys that appear before

it, *see Hale v. United States Trustee*, 509 F.3d 1139, 1148 (9th Cir. 2007) and *Pertuso v. Ford*

*Motor Credit Co.,* 233 F. 3d 417, 423 (6th Cir. 2000).

## II.     BACKGROUND.

Porter and Brady[2] are ordered to show cause why monetary or other sanctions, including

prohibition to practice before this Court, should not be issued due to their failure to properly

represent their clients by non-compliance with bankruptcy laws and their ethical obligations.

The United States Trustee asks the Court to order Porter and Brady to refund all moneys received

from the affected debtors and/or clients and pay a civil penalty for violations of 11 U.S.C.

§ 526(a)(1), § 527(b), and § 528(a)(2).

The Court held a preliminary hearing on the Show Cause Order and Sanctions Motion on

September 18, 2014, and issued a Protective Order and Order Setting Evidentiary Hearing [Doc.

101] ("Protective Order").  The Protective Order imposed certain civil sanctions that were

---

[2] Reference to Porter and/or Brady refers to the parties individually and acting through Porter Law Offices or any
other entity under which they were practicing law.

necessary to protect the public and the administration of this Court.  The Protective Order also

set an evidentiary hearing to give Porter and Brady an opportunity to investigate the charges or

evidence against them and prepare any defense they may have.  *See In re Ruffalo*, 390 U.S. 544,

551-52 (1968) (an attorney subject to discipline has a right to notice and an opportunity to be

heard).

In preparation for the evidentiary hearing, the United States Trustee, Porter, and Brady

tendered the following:

1.  Joint Stipulations (John Brady) [Doc. 104], with Exhibits [Docs. 105 and 106; refiled with captions at Doc. 116];

2.  Motion to Approve Settlement with John Brady [Doc. 107], with the proposed Agreed order attached [Doc. 107-1] ("Brady Agreed Order");

3.  Joint Stipulations (David Porter) with Exhibits [Doc. 113]; and

4.  Motion to Approve Settlement with David Porter [Doc. 114], with the proposed Agreed Order attached [Doc. 114-1] ("Porter Agreed Order").[3]

Other evidence in the record includes the information attached to the Show Cause Order [Doc.

82] and the Sanctions Motion [Doc. 83], the Notice of Filing of Supplementary Exhibit to

Protective Order and Order Setting Evidentiary Hearing [Doc. 115], and the findings and

conclusions made on the record at the September 18, 2014 hearing.

Since the United States Trustee, Porter, and Brady tendered the Joint Stipulations,

Exhibits, and Proposed Agreed Orders, Porter filed a chapter 13 bankruptcy petition in this

district, styled as Case No. 14-70691.  Although Porter acts *pro se* in this matter, he is

represented by counsel in his chapter 13 bankruptcy.

The Court conducted a final evidentiary hearing on October 28, 2014.  The United States

Trustee, Porter and Brady appeared.  Based on the facts as set forth in the Joint Stipulations and

---

[3] The Brady Agreed Order and Porter Agreed Order shall be collectively referred to as the "Proposed Agreed
Orders."

Exhibits, the record, the responses of Porter and Brady at the October 28, 2014 hearing, and the

analysis below, the Court will enter the Proposed Agreed Orders.

### III.   ANALYSIS.

#### A.   Porter's Chapter 13 Bankruptcy Does Not Prevent the Evidentiary Hearing from Proceeding or the Court from Entering the Porter Agreed Order.

Before the Court reaches the merits of the pending Show Cause Order and Sanctions

Motion, it is first necessary to consider the impact of Porter's bankruptcy case, and in particular

the imposition of the automatic stay, on the pending evidentiary hearing and entry of the Porter

Agreed Order [Doc. 114-1].  Following the filing of the Porter Agreed Order and Porter's

chapter 13 bankruptcy petition, the United States Trustee and Porter tendered a separate Agreed

Order [Doc. 125] ("Post-Bankruptcy Agreed Order") that confirms the automatic stay does not

apply to this matter or, in the alternative, represents Porter's agreement to termination of the

automatic stay.  The Post-Bankruptcy Agreed Order was also filed in Porter's personal

bankruptcy case [Doc. 13 of Case No. 14-70691], although it is not yet entered.

Even absent the Post-Bankruptcy Agreed Order, this Court may act because proceedings

to enforce the police or regulatory power of a "governmental unit" are an exception from the

automatic stay.  11 U.S.C. § 362(b)(4).  Case law confirms a federal court is an instrumentality of

the United States government and is thus considered a "governmental unit" within the definition

of § 101(27) and § 362(b)(4).  *Alpern v. Lieb*, 11 F.3d 689, 689 (7th Cir. 1993); *see also Snavely*

*v. Miller* (*In re Miller)*, 397 F.3d 726, 730 (9th Cir. 2005) (bankruptcy courts are governmental

units within the meaning of § 101(27)).

In addition, the stay does not restrict the Court from issuing sanctions such as those

proposed in the Porter Agreed Order.  The proposal involves the following: (1) a permanent bar

from practice before this Court; (2) a civil penalty of $5,000; (3) refund of amounts paid by

4

debtors in certain cases Porter filed; (4) refund of all money collected from clients in the one

year period preceding the Court's Show Cause Order in which no petition was filed; and (5)

waiver of the $5,000.00 civil penalty if Porter meets certain deadlines and requirements in the

Porter Agreed Order.

The purpose of these sanctions is to effectuate public policy, not to protect private rights

or the government's interest in the sanctioned person's property. *See Berg v. Good Samaritan

Hospital* (*In re Berg*), 230 F.3d 1165 (9th Cir. 2000). As such, it is not in violation of the

automatic stay to issue the sanctions set forth in the Porter Agreed Order. *Id.; see also RDLG,*

*LLC v. Leonard (In re Leonard)*, Case No. 12-51821, Adv. No. 13-5002, 2014 Bankr. LEXIS

1001 (Bankr. E.D. Tenn. March 14, 2014) (district court sanction is either a non-statutory

exception as recognized by the Sixth Circuit in *Dominic's Rest. of Dayton, Inc., v. Mantia*, 683

F.3d 757 (6th Cir. 2012), or otherwise falls in the statutory exception of § 362(b)(4)); *In re Betts*,

165 B.R. 233, 241 (Bankr. N.D. Ill. 1994) (show cause order issued by state court in estate

probate proceeding excepted under section 362(b)(4)); *O'Brien v. Fischel*, 74 B.R. 546, 550 (D.

Haw. 1987) (Rule 11 sanctions not stayed by chapter 13 filing); *Maritan v. Todd*, 203 B.R. 740,

741 (N.D. Okla. 1996) (pursuant to § 362(b)(4), bankruptcy filing did not stay appeal of Rule 11

sanction).

The United States Trustee is specifically excluded from the definition of a "governmental

unit" in § 101(27), so the exception in § 362(b)(4) does not apply to the Sanctions Motion. This

does not hinder entry of the Porter Agreed Order because after the initial hearing, the Show

Cause Order subsumed the Sanctions Motion and the cases addressed therein. The signature of

the United States Trustee on the Porter Agreed Order is treated as confirmation the United States

Trustee has no dispute with the Court's findings and conclusions, but it is not considered pursuit

of relief in violation of the automatic stay.

It is also important that Porter's bankruptcy counsel signed the Post-Bankruptcy Agreed

Order. Porter specifically confirmed at the October 28, 2014, hearing that the Post-Bankruptcy

Agreed Order was entered with his knowledge and consent on the advice of counsel.

**B.      The Evidence Supports the Sanctions Agreed Upon in the Proposed
Agreed Orders**.

Porter and Brady, acting willfully, or at least with gross recklessness, violated their duties

and responsibilities to the public, their clients and the legal system under both the Bankruptcy

Code[4] and the rules of the Kentucky Supreme Court.[5] *See Heavrin v. Schilling (In re Triple S*

*Rests., Inc.)*, 519 F.3d 575 (6th Cir. 2008) (the standard is what a reasonable attorney would have

done). The evidence shows Porter and Brady failed to adequately represent their clients prior to

and after filing a bankruptcy petition. They took thousands of dollars from clients and failed to

adequately account for client funds or timely file bankruptcy petitions.

Both Porter and Brady allowed unlicensed, non-attorney staff to counsel clients and file

papers without meaningful supervision. Further, Brady was subject to sanctions by the Kentucky

Supreme Court and represented debtors despite being prohibited from practice before this Court

since March 31, 2014. Porter was called before this Court and sanctioned more than once in the

last year based on his failure to appear for properly noticed hearings. *See, e.g.*, *In re Neil and*

*Sharon McGee*, Case No. 13-30601 [Doc. 53]; *In re Lynwood Burgess*, Case No. 13-52845 [Doc.

38].

---

[4] 11 U.S.C. §§ 526-528.

[5] *See, e.g.,* SCR § 3.130(1.1) (competence); § 3.130(1.3) (diligence); § 3.130(1.5) (fees); § 3.130(1.15) (safekeeping property); § 3.130 (5.3) (responsibility regarding non-lawyer assistants).

The actions of Porter and Brady for over a year show a pattern of gross recklessness and willful misconduct that requires a stern response.  The sanctions and terms of the Proposed Agreed Orders are fair and reasonably calculated to protect the debtors involved, the public and the court system.  *Chambers v. Nasco, Inc.,* 501 U.S. 32 (1991); *Pertuso,* 233 F. 3d at 423; *Price v. Lehtinen* (*In re Lehtinen*), 564 F.3d 1052, 1059 (9th Cir. 2009).  The terms of the Proposed Agreed Orders call for reimbursement of their clients in a relatively prompt manner.  Based on this, the waiver of the monetary sanctions upon compliance with certain deadlines is reasonable.

Further, the permanent prohibition of practice in the United States Bankruptcy Court for the Eastern District of Kentucky is within the power of this Court.  *Lehtinen*, 564 F. 3d at 1060-61; *see also Ginsberg v. Evergreen Security, Ltd. (In re Evergreen Sec., Ltd.),* Case Nos. 08-14064 and 08-14536, 2009 WL 1622386 (11th Cir. June 11, 2009).  This sanction is voluntary, but also reasonable in light of the egregious nature of the conduct of both Porter and Brady.

The only mitigating factor is Porter and Brady's willingness to affirm their actions in the Joint Stipulations, although these concessions occurred after their transgressions were raised by the United States Trustee and the Court.  This justifies a reduction of the requested civil sanction by the Trustee from the $10,000.00 originally requested to $5,000.00, but does not justify any change from the other proposed sanctions.

**C.      Porter's Agreement to Waive His Discharge Is Fair and Reasonable**.

In addition to the proposed sanctions, Porter also agrees in the Post-Bankruptcy Agreed Order "that all debts imposed upon David J. Porter in the Agreed Order previously submitted to the Court resolving the Sanctions Motion and Order to Show Cause (Doc. 114) or any other final Order resolving those matters are nondischargeable."  Waiving any potential right to discharge is

a serious matter, but there is sufficient information in the record to allow this agreement as part of the resolution of these issues.

There is enough information in the record to raise the issue of dischargeability of the monetary obligations under §§ 523(a)(2), (4) and/or (6). Porter, a bankruptcy lawyer that should understand the ramifications of his actions, represented on the record at the October 28, 2014 hearing that the terms of the Post-Bankruptcy Agreed Order are voluntarily accepted with the advice of counsel and with full knowledge of their impact. Porter's personal bankruptcy counsel signed the Post-Bankruptcy Agreed Order, certifying the legitimacy of Porter's representations pursuant to FED. R. BANKR. PROC. 9011(b).

In addition, it is in Porter's best interest to resolve the dischargeability issue early. Porter failed to list any of his debtor clients named in the Porter Agreed Order as creditors on his schedules. *See* [Doc. 1 in Case No. 14-70691]. Failure to list these clients as creditors leaves Porter vulnerable to an action to declare their debts non-dischargeable under § 523(a)(3). Resolving the dischargeability issue early allows Porter to liquidate the debt and quickly and efficiently create a reorganization plan.

Based on these factors, the Court will enter the Post-Bankruptcy Agreed Order in this case as part of the global resolution of the issues before this Court. Whether and how the Post-Bankruptcy Agreed Order will be addressed in Porter's personal bankruptcy is left for action in that case. Entry of the Post-Bankruptcy Agreed Order in that case is necessary to confirm the non-dischargeable nature of the debt.

## IV.    CONCLUSION.

Having confirmed that the automatic stay does not prevent the Court from proceeding with the evidentiary hearing and issuing a ruling on these matters, and having determined the

sanctions and terms are fair, reasonable, and supported by the evidence, the Court will enter the

Brady Agreed Order [Doc. 107-1], the Porter Agreed Order [Doc. 114-1], and the Post-

Bankruptcy Agreed Order [Doc. 125].

9

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, October 29, 2014**
**(grs)**